# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:11CV158-RJC-DSC

HADYN LOGAN and JON PAGH, )
                                                                  )
        Plaintiffs,      )
                                                                  )
        vs.                )    **MEMORANDUM AND RECOMMENDATION**
                                                                 )
**L-3 COMMUNICATIONS**     )
**VERTEX AEROSPACE LLC** and )
**JOHN DOES 1-10,**         )
                                                                 )
        Defendants.     )
                                                                 )

**THIS MATTER** is before the Court on Defendant L-3 Communications Vertex Aerospace LLC's "Motion to Dismiss Plaintiff Pagh's North Carolina Wage and Hour Act Claim" (document #6) and the parties' associated briefs and exhibits. See documents ## 6-2, 9 and 11.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the subject Motion is ripe for disposition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action to recover unpaid wages under the North Carolina Wage and Hour Act ("NCWHA") and hazard pay under claims for breach of contract and conversion. Plaintiffs, who were electricians and mechanics employed by Defendant L-3 Communications Vertex Aerospace LLC, assert their claims on their own behalf as well as on behalf of a class of all similarly situated former and current employees of Defendant.

Relevant to the subject Motion to Dismiss Plaintiff Jon Pagh's NCWHA claim, Plaintiff Hadyn Logan alleges that while he was employed by Defendant, he was a citizen of North Carolina, maintained a residence in this State, and had North Carolina taxes withheld from his paycheck. In

contrast, Plaintiff Pagh alleges only that he is a citizen and resident of Florida. The Complaint contains no allegation that Pagh has any connection with North Carolina. It is undisputed that Defendant is a Delaware corporation based in Mississippi and that Plaintiffs performed their duties under their respective employment contracts in Afghanistan.

On April 29, 2011, Defendant filed its Motion to Dismiss Plaintiff Pagh's NCWHA claim. Defendant's Motion has been briefed as set forth above and is ripe for determination.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

2

suffice." Id. at 1951 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true), citing Twombly, 550 U.S. at 554-55. Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id., quoting Fed. R. Civ. P. 8(a)(2). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

The North Carolina Wage and Hour Act is a statutory scheme enacted for the benefit of North Carolina residents. Sawyer v. Market America, 190 N.C. App. 791, 795, 661 S.E.2d 750, 753 (2008), rev. denied, 362 N.C. 682, 670 S.E.2d 235 (2008) (citing N.C.G.S. § 95-25.1). The General Assembly passed the Act to protect North Carolina residents, including cautionary language that the Act is not to "jeopardiz[e] the competitive position of North Carolina business and industry." N.C.G.S.§ 95-25.1(b). The Act cannot extend beyond the territory of North Carolina. Sawyer, 190 N.C. App.at 796, 661 S.E.2d at 754 (citing, inter alia, Sandberg v. McDonald, 248 U.S. 185 (1918);

McCullough v. Scott, 182 N.C. 865, 109 S.E. 789 (1921)).

With that background, North Carolina courts have held that the Act does not apply to a nonresident who was not employed within this State. In Sawyer the claimant was a resident of Oregon whose work was performed outside of North Carolina. Id. at 792, 661 S.E.2d at 752. Even though the plaintiff had signed the relevant employment contract in Greensboro, and the contract contained a North Carolina choice of law provision, the Court affirmed summary judgment for the employer, stating, "We conclude that the North Carolina Wage and Hour Act does not provide a private cause of action for a nonresident who neither lived nor worked in North Carolina." Id. at 797, 661 S.E.2d at 754.

After Sawyer, the North Carolina Court of Appeals again expressed disfavor with an attempt to extend the Act's territorial reach. In Panos v. Timco Engine Center, Inc., 197 N.C. App. 510, 677 S.E.2d 868 (2009), the plaintiff was a California resident whose primary job was to maintain a Michigan facility. Id. at 515-16, 677 S.E.2d at 873. However, the employer had an office in Greensboro, and the employee was required to work with the Greensboro office regularly. Id. Specifically, he participated in a conference call almost daily with his supervisor, who was in Greensboro. Id. at 512, 677 S.E.2d at 871. The plaintiff visited Greensboro as part of his employment eight to nine times a year, for an average of one to two days per visit. Id. Additionally, his employment contract contained a North Carolina choice of law provision . Id. Noting that the plaintiff's conference calls and visits to North Carolina made his case stronger than the plaintiff in Sawyer, the Court of Appeals nonetheless held that these contacts were insufficient to extend the Act's purview to the plaintiff's case. Id.

Applying these legal principles to the facts alleged in this case, Plaintiff Pagh has failed to plead a viable claim under the NCWHA. He has not pled that he lived or worked in this State, nor

4

has he pled any contacts with North Carolina. Accordingly, Plaintiff Pagh's NCWHA claim must be <u>dismissed</u>.

### III. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant L-3 Communications Vertex Aerospace LLC's "Motion to Dismiss Plaintiff Pagh's North Carolina Wage and Hour Act Claim" (document #6) be **GRANTED,** that is, that Plaintiff Jon Pagh's claim under the North Carolina Wage and Hour Act be **DISMISSED WITH PREJUDICE**.

### IV. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED AND ORDERED.**

Signed: May 31, 2011

David S. Cayer
United States Magistrate Judge