# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:11-cv-158-RJC-DSC

| | |
|---|---|
| HAYDN LOGAN and JON PAGH, | )<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) **ORDER** |
| L-3 COMMUNICATIONS VERTEX AEROSPACE LLC and JOHN DOES 1-10, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

**THIS MATTER** comes before the Court on Defendant L-3 Communications Vertex Aerospace LLC's ("Defendant") Motion to Dismiss Plaintiffs' Amended Complaint. (Doc. No. 28). According to Defendant, "Plaintiffs Hadyn Logan and Jon Pagh both failed to attend their properly noticed depositions, failed to attend mediation, which was scheduled pursuant to an Order of this Court, and have wholeheartedly failed to prosecute their claims in any meaningful manner." (Doc. No. 28-1 at 1).

Plaintiffs filed their complaint on March 7, 2011, alleging that Vertex failed to provide Plaintiffs with hazardous duty pay for Plaintiffs' time working in Afghanistan. On April 4, 2011, Vertex removed the matter to this Court, and on April 29, 2011, Vertex filed an Answer. Since that time, Plaintiffs have had only limited involvement in this case. Plaintiffs filed an Amended Complaint on October 4, 2011, (Doc. No. 19), and served one set of written discovery upon Vertex. On April 18, 2012, Plaintiffs' counsel filed a motion to withdraw and requested that this Court extend all pre-trial deadlines for three months. (Doc. No. 24). The Magistrate Judge granted the motion to withdraw and extended the pre-trial deadlines by fifteen (15) days to

allow Plaintiffs to secure new counsel. (Doc. No. 26). Plaintiffs now appear to be proceeding pro se.

With the fifteen day extension, all discovery and Court ordered mediation was to be completed by June 15, 2012. See (Doc. No. 15: Pretrial Order and Case Management Plan, as amended by Doc. No. 26). In effort to meet that deadline, counsel for Defendant sent correspondence to Plaintiffs on May 1, 2012 attempting to schedule a mutually convenient date for their depositions and a mutually convenient date for a mediation. (Doc. No. 28-1 at 2). Plaintiffs never responded to the correspondence. (Id.). On May 18, 2012, counsel for Defendants mailed Plaintiffs a second letter enclosing deposition notices for June 6, 2012 and further notifying Plaintiffs that the mediation would take place on June 7, 2012. (Id. at 2-3). To ensure delivery and receipt, this second letter was mailed certified with a return receipt requested. (Id. at 3). Plaintiffs each received and signed for the May 18th letter. (Id.). Plaintiffs did not contact Defendant to modify the deposition and mediation schedule. (Id.). On June 6, 2012, counsel for Defendant traveled from Winston-Salem to Charlotte and waited from 10:00 AM until 2:45 PM at the office of Hunton and Williams, LLP for Plaintiffs to appear for their depositions, but Plaintiffs never appeared. (Id.).

On June 7, 2012 defense counsel arrived at the Charlotte office of James, McElroy & Diehl, P.A. for mediation. (Id.). Steve Sinquefiled, the General Counsel of Vertex, flew to Charlotte from Jackson, Mississippi for the mediation. (Id.). Plaintiffs did not appear. (Id.).

Defendant filed a Motion to Dismiss, (Doc. No. 28), and a Motion for Extension of Time to File Dispositive Motions, (Doc. No. 29), on June 11, 2012. Plaintiffs did not respond to either Motion, and the time for doing so expired.

2

On July 3, 2012, this Court entered an Order warning Plaintiffs that they must respond to Defendant's Motions, (Doc. Nos. 28; 29), with seven days or this Court would dismiss Plaintiffs' Amended Complaint for failure to prosecute, failure to comply with a scheduling order, and failure to attend a properly noticed deposition. See FED. R. CIV. P. 41(b) (failure to prosecute); FED. R. CIV. P. 16(f)(1)(C) (allowing a court to, among other things, dismiss an action if a party or its attorney fails to obey a scheduling or other pretrial order); FED. R. CIV. P. 37(d)(3) (if a party fails to appear for a deposition, a court may, among other things, dismiss the action); FED. R. CIV. P. 37(b)(2)(A)(v) (allowing a court to dismiss an action for failure to comply with a court order).

On July 11, 2012, Plaintiff Jon Pagh filed a Response in Opposition to Plaintiff's Motion to Dismiss for failure to prosecute. (Doc. No. 32). In his brief Response, Pagh states:

> I (Jon Pagh) would not like to dismiss this case. What I would like to do is bring my payroll stubs to the court, enter them as evidence and then the Judge can make a determination if I or we were paid properly or not . . . . It's obvious to anyone who will spend a few minutes and do the math with the stubs that someone was skimming our paychecks . . . . Please don't dismiss this case because a wrong has been done and they need to be held accountable for their actions. I have a great deal of time and money in this to see it just evaporate and big business rolling over the individual again.

(Id. at 1). Defendant responded on July 19, 2012, stating that Pagh's Response "provided no explanation for Pagh's failure to appear at his deposition, for his failure to attend the mediation, for his failure to contact Vertex's counsel concerning the deposition and mediation schedule, or for his failure to otherwise prosecute his case." (Doc. No. 33 at 1). The Court agrees. Pagh did not offer any substantive response to the merits of Defendant's motion. And, despite the Court's mandate, Plaintiff Haydn Logan did not respond to Defendant's Motions at all. Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

It is Plaintiffs' burden to move this case forward, and Plaintiffs have failed to do so.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Amended Complaint, (Doc. No. 28), is **DISMISSED**. The Clerk is directed to close this case.

Signed: September 30, 2012

Robert J. Conrad, Jr.
Chief United States District Judge